NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GABRYL MARK SULLIVAN,            )
                                 )
          Appellant,             )
                                 )
v.                               )        Case No. 2D16-5065
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____ )

Opinion filed August 1, 2018.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Howard L. Dimmig, II, Public Defender,
and Stephen M. Grogoza, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

          Gabryl Sullivan challenges his judgment and sentence for aggravated

battery causing great bodily harm with a deadly weapon.  See §§ 775.087(1),

784.045(1)(a), Fla. Stat. (2016). Sullivan was convicted following a jury trial and sentenced to seven years in prison. On appeal, Sullivan argues in part that the 2017 amendment to section 776.032, Florida Statutes, creating subsection (4), should apply retroactively to his case and that his motion to dismiss based on immunity from prosecution should be reconsidered under the statute as amended. This court's recent opinion concluding that the 2017 amendment to section 776.032, Florida's Stand Your Ground law, is procedural in nature and thus should be applied retroactively to pending cases necessarily controls our decision here. See Martin v. State, No. 2D16-4468, 2018 WL 2074171, *4 (Fla. 2d DCA May 4, 2018), review pending, No. SC18-789.

Accordingly, as we did in Martin, we reverse Sullivan's judgment and sentence and remand for a new immunity hearing under the 2017 statute with instructions that if the trial court determines that Sullivan is not entitled to immunity, the court shall deny his motion and reinstate Sullivan's conviction and sentence. We recognize that the Third District Court of Appeal has recently held that the 2017 amendment to section 776.032 imposes a new legal burden on the State such that it should be treated as a substantive change in the law which does not apply retroactively; we therefore certify conflict with Love v. State, No. 3D17-2112, 2018 WL 2169980, *3-*4 (Fla. 3d DCA May 11, 2018), review pending, No. SC18-747.

Reversed and remanded with instructions; conflict certified.

KHOUZAM, MORRIS, and BLACK, JJ., Concur.